**FLORIDA COLLEGE OF BUSINESS, a Tennessee Corporation, d/b/a Florida School of Business, Plaintiff,**

v.

**ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS, A Foreign Nonprofit Corporation, Defendant.**

No. 96–2986–CIV.

United States District Court,
S.D. Florida.

Dec. 19, 1996.

Order on Motion for Clarification
Dec. 23, 1996.

Paul B. Feltman, Douglas Crane Broeker, Sweetapple Broeker & Varkas, Miami, FL, for Plaintiff.

Mary Gillen Fenske, Kenneth J. Ingram, Whiteford, Taylor & Preston, Washington, DC, for Defendant.

## ORDER GRANTING PRELIMINARY INJUNCTION

FERGUSON, District Judge.

**THIS CAUSE** came before the Court on the Plaintiff's Motion for Preliminary Injunction [D.E. 8] following entry of a temporary restraining order. Testimony and argument were presented on Monday, November 25, 1996. Having heard all the testimony and considered all admissible evidence, as well as the argument of counsel, the Court hereby enters the preliminary findings of fact, conclusions of law and injunction order.

## ISSUE

The issues are (1) whether an accrediting agency's internal rules provided a fair and impartial procedure, (2) whether it has followed its rules in reaching a decision to withdraw an institution's accreditation, and (3) whether the decision is supported by competent and substantial record evidence.

## FINDINGS OF FACT

### The Parties

Florida College of Business d/b/a/ Florida School of Business is a small proprietary institution incorporated under the laws of the State of Tennessee. Its stated purpose is to provide career oriented students with the knowledge and skills necessary for entry-level employment.

The Accrediting Council for Independent Colleges and Schools ("ACICS"), a non-profit corporation organized under the laws of Virginia, consists of a voluntary group of educational organizations associated together for the evaluation of adult continuing education and training. ACICS is recognized by the Secretary of the Department of Education as a national accrediting agency. ACICS has adopted *Accreditation Criteria* to assist its sixteen member Council ("the Council") in accrediting and reaccrediting applicants.

### Accreditation

FLORIDA had been accredited by ACICS since 1986. In December 1995, FLORIDA submitted an application for a new grant of accreditation. Following an on-site evaluation on February 5 and 6, 1996, ACICS found FLORIDA in noncompliance with twenty-one (21) areas of the *Accreditation Criteria.* The Council directed FLORIDA to show cause why its current grant of accreditation should not be withdrawn by way of suspension. FLORIDA elected to show cause in writing at the Council's August 1996 meeting. There the Council found thirteen (13) areas of noncompliance and determined that FLORIDA's grant of accreditation should be withdrawn. FLORIDA appealed the suspension in accor-

258

dance with procedures established by ACICS and on October 29, 1996 the Review Board affirmed the Council's decision to withdraw accreditation. ACICS immediately notified the Department of Education of the suspension of FLORIDA's accreditation.

**Procedural Background**

Before the Review Board meeting, FLORIDA filed an Emergency Motion for Injunctive Relief. On October 25, 1996, this Court denied FLORIDA's motion without prejudice for failure to exhaust administrative remedies. After the administrative proceedings were concluded, FLORIDA then filed its Renewed Emergency Motion for Injunctive Relief. Specifically, FLORIDA moves for a mandatory injunction requiring ACICS to re-extend accreditation or maintain accreditation until further court order, or remanding the administrative proceeding to the Council for further factual findings and conclusions. Based on the evidence presented, the Court finds that a remand is appropriate.

### APPLICABLE LAW

■ In reviewing an accrediting association's decision to withdraw accreditation, the courts have accorded the association great deference. *Parsons College v. North Cent. Ass'n of Colleges and Secondary Sch.*, 271 F.Supp. 65 (N.D.Ill.1967). Courts give such deference because "the standards of accreditation are not guides for the layman but for professionals in the field of education". *Id.* at 73. Review is limited to whether the decision was "arbitrary and unreasonable", and whether the decision was "supported by substantial evidence". *Peoria School of Business v. Accrediting Council*, 805 F.Supp. 579 (N.D.Ill.1992). The question is whether the accrediting body's internal rules provide a fair and impartial procedure and whether it has followed its rules in reaching its decision. *Wilfred Academy of Hair and Beauty Culture v. Southern Ass'n of Colleges and Sch.*, 957 F.2d 210 (5th Cir.1992).

■ It is clear that the internal rules of ACICS provided a fair and impartial procedure. Under the *Accreditation Criteria*, an institution is given the opportunity to show cause why a negative action should not be taken (Section 2–3–403), and an opportunity

for a hearing (Section 2–3–404(a)). Further, an institution is entitled to a right of appeal before the Review Board (Section 2–3–600). The Review Board may affirm the decision of the Council, or remand the case to the Council with recommendations for further consideration. A remand is appropriate if the Council's decision was arbitrary, capricious, in substantial disregard of the *Accreditation Criteria*, or not supported by substantial evidence in the record on which the Council took the negative action.

**Analysis**

The Council suspended FLORIDA's accreditation and notified FLORIDA of its right to appeal. Following a one and a half hour appellate hearing, the Review Board affirmed the decision to suspend accreditation. Although FLORIDA was unsuccessful, there is no evidence that ACICS failed to provide FLORIDA with fair and impartial procedures.

Nevertheless, there is merit to FLORIDA's contention that the Council's suspension of accreditation is not supported by substantial evidence. Of the thirteen (13) areas of noncompliance, FLORIDA cites two primary bases for the proposition that the Council's actions were not supported by substantial evidence: (1) less than 50% of FLORIDA's students held high school diplomas or equivalent education certificates in the 1994–95 year and (2) the number of students enrolled in non-business programs exceeded the number enrolled in business programs.

■ FLORIDA educates a high percentage of ability-to-benefit students. Ability-to-benefit students are those students who do not have high school diplomas or equivalency degrees, but who demonstrate an ability to benefit from higher education. In order to receive funding, the number of ability to benefit students must be less than 50%.

In its suspension letter, ACICS concluded that FLORIDA did not administer Title IV financial aid within the guidelines established by the U.S. Department of Education. For purposes of Title IV, an institution does not qualify as an eligible institution if 50% or

more of its regular students have neither a high school diploma or equivalent and the institution does not provide four-year or two-year educational programs leading to a bachelors degree or associate's degree. 34 C.F.R. § 600.7(a)(1)(iv).

FLORIDA accepts and trains a high percentage of ability to benefit students. As required, FLORIDA conducted an institutional analysis and reported on June 30, 1995, a total student population of 684 of which 484 were ability to benefit students. Citing computer problems, FLORIDA submitted a new 1995 Annual Institutional Report with a total of 610 students and 280 ability to benefit students. There is no evidence in the record to support ACICS's decision to reject the second report which puts FLORIDA's ability to benefit students at less than 50%. Therefore, ACICS's decision to suspend FLORIDA's accreditation based on its number of ability-to-benefit students was not supported by substantial evidence.

Many of FLORIDA's students are enrolled in Cosmetology and Nursing Assistant Programs, which according to ACICS are non-business programs. Under the *Accreditation Criteria,* an institution's primary purpose is to offer educational programs designed to train and educate persons for business-related careers. ACICS concluded that the number of students enrolled in the Cosmetology and Nursing Assistant Program exceeded the number of students enrolled in business programs, and for that reason the school cannot show that it satisfies the requirements of Section 1–2–100(a).[1]

FLORIDA began its Cosmetology Program in 1991 and its Nursing Assistant Program in 1984. ACICS continuously extended a new grant of accreditation to FLORIDA as a business school for a period not to extend beyond December 31, 1996. It was not until the on-site evaluation in 1996 that it was determined that sixty-five percent of FLORIDA's student population was enrolled in the Cosmetology and Nursing Assistant Program. FLORIDA also relied on language in the manual which may be construed to permit cosmetology or nursing to qualify as business programs.[2]

At the preliminary injunction hearing, ACICS argued that there are numerous other agencies that accredit institutions where a substantial number of students are enrolled in Cosmetology and/or Nursing Assistant Programs. They cite as precedence another case where ACICS gave an institution a reasonable amount of time to seek accreditation elsewhere. However, FLORIDA cannot pursue accreditation by an appropriate accrediting agency without a letter of good standing from ACICS.

**Standards for Preliminary Injunction**

A preliminary injunction is an equitable remedy available in the sound discretion of the court. *Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154 (11th Cir.1990). The movant bears the burden of establishing that: (1) there is a substantial threat of irreparable harm if the injunction is not issued; (2) the threatened harm to the plaintiff outweighs the potential harm to the defendant from issuance of the injunction; (3) the granting of a preliminary injunction will serve the public interest; and (4) there is substantial likelihood that the plaintiff will ultimately prevail on the merits. *See e.g., Church v. City of Huntsville,* 30 F.3d 1332 (11th Cir.1994).

**Irreparable Harm, Balance of Harm, and Public Interest**

FLORIDA will suffer irreparable harm if an injunction is not issued. Also, the balance of harm tips in favor of FLORIDA. Without accreditation, FLORIDA cannot re-

---

1. To be eligible for consideration for accreditation, an institution shall offer educational programs designed to train and educate for careers or professions where business applications, business doctrines, supervisory or management techniques, professional or paraprofessional applications, and other business-related applications or disciplines support or constitute the career. Section 1–2–100(a).

2. FLORIDA argues that it was led to believe that the inclusion of the Cosmetology and Nursing Assistant Programs was acceptable to ACICS. An ACICS Program Code List lists both Cosmetology and Nursing Assistant Programs as Professional and Para–Professional Programs. Moreover, by letter dated August 13, 1992 ACICS's then Executive Director James M. Phillips included FLORIDA's cosmetology program within the scope of the accreditation approval.

ceive Title IV funding, and therefore, FLOR-IDA cannot continue daily operations and must close immediately. Existing and prospective students in the community will lose what is, presumptively, a valuable institution which performs an important service. Four hundred (400) students and seventy-six (76) employees will be immediately and permanently displaced. FLORIDA's reputation in the local community and academic community will be tainted even if it were later successful on the merits following a full presentation of the evidence.

**Substantial likelihood of success**

FLORIDA has shown a substantial likelihood of success on the merits, particularly on the issue of whether FLORIDA had more than 50% ability to benefit students in 1994–95. It is therefore,

**ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion for Injunctive Relief is **GRANTED.** This cause is remanded to the Council to make additional findings as to:

1. Why it rejected FLORIDA's revised report as to the ratio of ability-to-benefit students compared to high school graduates.

2. Why cosmetology students seeking to run their own businesses do not meet the criteria set out in Sec. 1–2–100(a).

3. Whether withdrawal of accreditation would still be warranted if those areas of noncompliance remanded for further findings by this Order were in FLORIDA's favor.

4. Whether a letter of good standing may be issued for a limited time period so that FLORIDA may seek accreditation by an appropriate agency.

The terms of the Temporary Restraining Order are adopted for this Preliminary Injunction and:

1. Notification to the Department of Education by ACICS is stayed until further order of the Court.

2. There shall be no publication to other agencies, entities or the public that ACICS has taken adverse action against FLORIDA.

3. The bond in the amount of $3500.00 shall continue in effect.

4. FLORIDA may accept new students for the next school term.

5. This injunction shall expire on March 31, 1997 unless extended by an Order entered on a motion filed no later than March 17, 1997.

### ORDER ON MOTION FOR CLARIFICATION

**THIS CAUSE** is before the Court on the Plaintiff's Motion for Clarification of this Court's Order entered on December 19, 1996 granting a preliminary injunction. The Court having considered the motion and the pertinent parts of the original Order, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Clarification is **GRANTED.** The defendant is directed to communicate to the Department of Education immediately that the withdrawal of accreditation is set aside based on insufficient findings and conclusions, and that the plaintiff is permitted to continue to operate as an accredited school until further order.